## RUHL, et al. v. CITY OF POMPANO BEACH
### Case No. 84020052 CD
Seventeenth Judicial Circuit, Broward County

November 6, 1984

### APPEARANCES OF COUNSEL

**Donald C. Roberge** for petitioners.

**Richard R. Haas** for respondent.

**Samuel S. Goren** for Jane Carroll, Supervisor of Elections.

**Janet Lander** for Broward County Canvassing Board.

### OPINION OF THE COURT

J. CAIL LEE, Circuit Judge.

### *ORDER*

This cause came before me for oral argument, hearing, and final determination on the 31st day of October, 1984, on Petitioner's Petition for Writ of Certiorari, subsequent pleadings of Petitioners and Respondent relating thereto, including appendices and record stipulations of counsel, and on November 2, 1984, for hearing regarding execution of this Court's ruling of the 31st of October, 1984, and the court having considered the foregoing and being duly advised in the premises, the court finds and determines:

1. That although the procedural deficiencies complained of by the Petitioners might individually have been relatively insignificant (at least excepting Petitioner's complained failure of the Respondent City to provide a summary of the ordinances) in the aggregate they demonstrate a clear departure by the City from the essential requirements of the law.

2. Furthermore, in addition, the substantive deficiencies complained of certainly constitute a failure of the City to comply with the essential requirements of the Florida Statutes. Specifically, it is legally repugnant:

A. to effectively partition, sever, separate or divide improved real property by the provisions of an annexation ordinance; or

B. to create de facto finger areas, which, under certain results of the proposed referendum elections would almost amount to enclaves themselves.

WHEREUPON, the Court grants, issues and awards to Petitioners, its Writ of Certiorari voiding ordinance numbers 84-83 and 84-84 of the City of Pompano Beach, a municipal corporation lying in Broward County, Florida.

In furtherance of the Writ of Certiorari, it is hereupon ORDERED as follows:

1. The ore tenus Motion of Jane Carroll, Supervisor of Elections of Broward County, heard on November 2, 1984, with all parties notified and present is hereby granted; said movant is hereby designated an intervenor on the side of the Court in the above-styled cause.

2. The ore tenus Motion of the Broward County Canvassing Board heard on November 2, 1984, with all parties notified and present is hereby granted; said movant is hereby designated an intervenor on the side of the Court in the above-styled cause.

3. The Supervisor of Elections is hereby ordered to cause the annexation referendum provided for in Ordinance Nos. 84-83 and 84-84 of the City of Pompano Beach to be retained on the ballot and the results thereof tabulated and published but not certified, and the Broward County Canvassing Board is directed and ordered to withhold the certification of the results of the annexation referendum elections of the City of Pompano Beach until determination of the merits of the appeal of this Order by the appropriate appellate court or until further Order of this court. The subject ordinances are hereby declared to be void and invalid notwithstanding the results of said referendum.

4. The Canvassing Board may transmit the vote totals to the proper

officials of the City of Pompano Beach provided that the notation appear on the report of the votes that, pursuant to this Order, the results of the annexation referendum are not certified.

5. Motions for Rehearing are hereby dispensed with and any such motion is hereby declared void and of no effect.

6. The Court retains jurisdiction of this cause for the purpose of issuing such other writs and orders as shall seem appropriate and necessary to carry out the intent and purpose of the foregoing.

7. This Court further retains jurisdiction for the purpose of determining entitlement to and amount of costs and attorneys' fees.